IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PRINCE HOTEL, S.A.,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     **CIVIL ACTION 11-0537-WS-M** |
| | ) |
| **BLAKE MARINE GROUP,** *et al.***,** | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court on the filing styled "Rule 56(d) Declaration of Counsel Requesting Discovery to Justify Further Opposition to Motion for Summary Judgment" (doc. 48).

On April 5, 2012, plaintiff, Prince Hotel, S.A., filed a Motion for Summary Judgment (doc. 40) and supporting memorandum of law. Plaintiff's Motion was filed unusually early in the lifespan of this litigation, just six days after defendants filed their Answers (docs. 34, 35) and 12 days prior to entry of the Rule 16(b) Scheduling Order (doc. 44).[1] Nonetheless, the undersigned entered a briefing schedule (doc. 41), pursuant to which the Rule 56 Motion will become ripe on May 17, 2012.

Defendants timely filed a Response (doc. 45) to the Motion for Summary Judgment, as well as an accompanying affidavit, identifying what they believe to be disputed facts warranting

---

[1] In and of itself, the filing of a motion for summary judgment so close to the inception of a civil action is not inherently improper. *See, e.g., Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989) (explaining that Federal Rules of Civil Procedure do not require that a party wait until discovery has taken place before moving for summary judgment); *Sideridraulic System SpA v. Briese Schiffahrts GmbH & Co. KG*, 2011 WL 3204521, *3 n.5 (S.D. Ala. July 26, 2011) (citing Eleventh Circuit authority for the proposition that district courts should remain open to summary judgment motions filed at an early stage in appropriate cases); Rule 56(b), Fed.R.Civ.P. ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of discovery.") (emphasis added).

denial of summary judgment.  The next day, defendants' counsel filed a Rule 56(d) Declaration requesting an opportunity to supplement their Response upon receipt of certain documents and information from plaintiff through the discovery process.  In particular, defendants specify the crucial information as being "records of actual occupancy of the Hotel during the times material, any tickets or receipts signed by persons contended to be connected with Blake Group, communications with respect to the charges and attempts to reach accommodation of the overcharges claimed, and accounting records."  (Doc. 48, ¶ 2.)  Defendants indicate that they have requested all of these types of information and records from plaintiff through discovery requests propounded on May 4, 2012.

It is black-letter law that "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted).  In that regard, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials."  *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).  These principles are reinforced by Rule 56(d), which authorizes district courts to take a range of actions (including deferring consideration of a summary judgment motion, denying the motion outright, allowing time for the discovery to be taken, or issuing "any other appropriate order") when a party shows that it cannot present facts essential to its opposition to a motion for summary judgment.  Rule 56(d), Fed.R.Civ.P.  Defendants have made an adequate showing of their reasonable need for certain discovery materials in order to submit complete summary judgment responses, and are therefore entitled to a measure of relief from the existing briefing schedule.

In light of the foregoing, it is **ordered** as follows:

1. Defendants' Rule 56(d) Motion (doc. 48) requesting additional time to obtain discovery responses is **granted**;
2. Plaintiff's reply brief in support of its Motion for Summary Judgment must be filed on or before **May 17, 2012**, as established by the April 6 Order.  This reply brief must focus on the issues, arguments, and facts presented in defendants' Response dated May 3, 2012;

3. On or before **June 18, 2012**, defendants may file a supplemental brief in opposition to the Motion for Summary Judgment.[2] That supplemental brief may <u>not</u> be utilized as a sur-reply or to raise any arguments defendants might have formulated in the interim. Rather, it must be confined to supplementation based on the written discovery responses received from plaintiff with respect to the specific, narrow topics identified in Paragraph 2 of the Rule 56(d) Declaration;

4. On or before **June 25, 2012**, plaintiff may file a supplemental brief in response to defendants' supplemental brief, subject to these same constraints and limitations;

5. Nothing herein precludes the Court from considering the parties' summary judgment materials prior to the June 18 supplementation, and entering an order denying the Rule 56 motion if appropriate based on the materials already submitted. Under no circumstances, however, will the Court grant the Motion for Summary Judgment without having first received and reviewed the supplemental filings as outlined herein; and

6. The parties are expected to move forward with discovery in a reasonably prompt manner so as to facilitate this schedule. In particular, plaintiff is expected to act diligently to provide defendants with complete responses to the outstanding written discovery requests within the 30-day period established by Rules 33 and 34, so that supplemental briefing may be completed within the timeframe set forth herein.

DONE and ORDERED this 8th day of May, 2012.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This deadline was not selected at random. Defendants indicate that the subject discovery requests were propounded on plaintiff on May 4, 2012. Pursuant to Rules 33(b)(2) and 34(b)(2)(A), plaintiff's responses to these interrogatories and document requests are due within 30 days, or no later than June 4, 2012. That gives defendants two weeks to review the discovery materials and prepare their supplemental response.