IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRINCE HOTEL, S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION 11-0537-WS-M |
| | ) |
| BLAKE MARINE GROUP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Defendants' Motion for Directed Verdict or Judgment as a Matter of Law Concerning Damages (doc. 83).  Plaintiff filed a response in opposition to the Motion.  (*See* doc. 84.)

The basis of defendants' Motion is that in the Joint Pretrial Document, plaintiff describes its damages claims as follows:  "Plaintiff seeks compensatory and punitive damages, plus attorney's fees and costs."  (Doc. 71, at 16.)  Defendants correctly note that the Standing Order Governing Final Pretrial Conference (doc. 44-1) calls for greater specificity as to the amount and categories of damages sought than Prince Hotel provided in the Joint Pretrial Document.  Defendants' position is that, in light of that omission, "plaintiff has failed to preserve a right to seek damages in a specified amount" (doc. 83, at 1), such that defendants are entitled to judgment as a matter of law on damages.

At the Final Pretrial Conference conducted on January 15, 2013, the Court observed that the parties' Joint Pretrial Document does not comply with the standards articulated in the Standing Order in numerous particulars.  The parties were notified at that time that the Court, in its discretion, would not expend judicial resources (and force the parties to expend their resources) to correct the many aspects of the Joint Pretrial Document that fall short or are otherwise noncompliant; rather, the Court indicated that it would accept that filing in its deficient state and allow it to govern the trial accordingly.

Defendants' Motion selectively focuses on one of the numerous defects in the Joint Pretrial Document, and seeks to parlay that defect into a judgment in their favor.  The Motion is not well taken.  It disregards the Court's determination at the Final Pretrial Conference to accept the Joint Pretrial Document despite its many shortcomings, for which both parties share responsibility and must bear the consequences at trial.  It seeks to circumvent the Court's previous ruling that "while the parties' pretrial submissions were noncompliant …, no formal sanctions are warranted as against either side." (Doc. 79, at 1.)  More fundamentally, it ignores the fact that the contours of plaintiff's damages claims are well documented in the record and are well known to the parties, such that there will be no prejudice or unfair surprise when plaintiff pursues them at trial.  By way of example, in its motion for summary judgment, Prince Hotel claimed as compensatory damages the $62,359.60 face value of the bounced check, as well as additional unpaid invoices of $7,137.50 and $1,080.  (*See* doc. 40, at 1.)  Defendants well know that those amounts and types of damages are and have always been the focal point of Prince Hotel's claims.  Inasmuch as all parties understand that plaintiff's compensatory damages are comprised of these items, plaintiff will be permitted to pursue these categories of compensatory damages at trial, as well as punitive damages, attorney's fees and costs.[1]

Defendants also state in their Motion that "the court should enter judgment in favor of defendants on any claims for punitive damages." (Doc. 83, ¶ 3.)  However, defendants offer neither legal authority nor explanation in support of their conclusory request.  Punitive damages are generally available under Alabama law where a defendant consciously or deliberately engages in fraud, which appears to be plaintiff's claim here.  *See* Ala. Code § 6-11-20(a).  Moreover, Alabama law specifically authorizes award of punitive damages in connection with statutory worthless check claims such as that brought by Prince Hotel.  *See* Ala. Code § 6-5-285.  The Court will not endeavor to "fill in the blanks" by supplying a legal predicate for defendants' Motion that defendants have not asserted.

---

[1] That said, Prince Hotel will not be permitted at trial to claim other or different amounts or categories of compensatory damages, above and beyond those specified in its previous filings.  In other words, plaintiff is limited to the amounts and types of damages of which it has given fair and reasonable notice to defendants.

For the foregoing reasons, Defendants' Motion for Directed Verdict or Judgment as a Matter of Law Concerning Damages (doc. 83) is **denied**.

DONE and ORDERED this 30th day of January, 2013.

              s/ WILLIAM H. STEELE
              CHIEF UNITED STATES DISTRICT JUDGE